IN THE UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF LOUISIANA
NEW ORLEANS DIVISION

FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA
2004 JUN -4 PM 4: 10
LORETTA G. WHYTE
CLERK

04-1576
SECT. R MAG. 4

| | |
|---|---|
| EMMA TRUMBACH | * |
| | * |
| PLAINTIFF | * |
| | * |
| V. | * |
| | * |
| BOYD GAMING CORPORATION | * |
| | * |
| Defendant | * |

PLAINTIFF'S ORIGINAL COLLECTIVE ACTION COMPLAINT

THE ORIGINAL COLLECTIVE ACTION COMPLAINT OF EMMA TRUMBACH, a person of the full age of majority and domiciled in the Parish of Orleans, State of Louisiana, respectfully represents that:

I.

Made Defendant herein is Boyd Gaming Corporation, a Nevada corporation with its principal office located a 2950 Industrial Road, Las Vegas, Nevada 89109, and its principal business establishment in Louisiana located at 5050 Williams Boulevard, Kenner, Louisiana 70065.

II.

The Plaintiff, Emma Trumbach, is a resident of New Orleans, Louisiana and is domiciled at 6565 Center Street, New Orleans, LA 70124.

III.

This Court has jurisdiction over this matter as Plaintiff's claims arise under Federal laws.

Fee $150
✓ Process_____
X Dktd_____
___ CtRmDep___
___ Doc. No.___

IV.

Venue is proper in the Eastern District of Louisiana because a substantial part of the events and omissions giving rise to the claim occurred in this judicial district.

FACTS

V.

Defendant is the owner and operator of the Treasure Chest Casino in Kenner, Louisiana.

VI.

Plaintiff has been employed by Defendant at the Treasure Chest Casino since March 8, 1999. She has been classified as a bartender since February 19, 2001.

VII.

At the Treasure Chest Casino, cocktail servers, bartenders, dining room and banquet servers, dining room cashiers, bus boys, hostesses, and kitchen staff are part of the food and beverage department. The hourly food and beverage department employees that are classified by Defendant as non-exempt under the Fair Labor Standards Act are scheduled to work in three shifts.

VIII.

The day shift must clock in and attend a shift meeting beginning at 10:45 A. M. The day shift workers are supposed to be relieved from their duties and clock out at 6:45 P. M.

IX.

The swing shift employees are required to clock in and attend a shift meeting beginning at 6:30 P. M. They are supposed to be relieved from their duties and clock out at 2:00 A. M.

X.

The graveyard shift workers must clock in and attend a shift meeting beginning at 1:45 A. M. They are supposed to be relieved from their duties and clock out at 11:00 A.M.

XI.

Defendant's policy on Time Clocks and Time Keeping Practices states that, "employees are, however, required to be paid for all hours worked. All clocked hours are considered 'hours worked'".

XII.

On occasions when Plaintiff has worked on the 8-hour day shift, Defendant has paid Plaintiff for only 7.75 hours of work. Defendant has done the same thing to other food and beverage department hourly paid employees working on the day shift, the graveyard shift, and the swing shift.

XIII.

On numerous occasions, Plaintiff and other food and beverage department hourly employees have been required to continue working beyond the scheduled end of their shift due to the late arrival of their relief and the instructions of their supervisors. Thus, Plaintiff and other food and beverage department employees were regularly required to work more than their scheduled shifts. On these occasions, Defendant often failed to pay Plaintiff and other food and beverage department hourly workers for the additional time they were required to continue working until they were relieved of duty.

XIV.

Defendant's actions are willful and intentional because it is aware that the Fair Labor Standards Act requires it to pay for all hours worked and that according to its policy and practice, all clocked hours are to be considered hours worked. Nonetheless, Defendant

intentionally paid Plaintiff and other employees less than the full amount of hours worked. Defendant's managers used the computer time keeping system to manually change the total number of hours that would be paid to an employee despite clock in and clock out times that indicated a larger number of hours should be paid.

## COUNT ONE - FAILURE TO PAY MINIMUM WAGE

### XV.

Plaintiff incorporates and re-alleges the allegations of Paragraphs V through XIV, as if they are fully set forth herein.

### XVI.

Defendant has and continues to violate 29 USC Section 206 by failing to pay Plaintiff and other hourly paid employees in the food and beverage department the minimum wage for all hours worked.

## COUNT TWO - FAIR LABOR STANDARDS ACT OVERTIME VIOLATION

### XVII.

Plaintiff incorporates and re-alleges the allegations of Paragraphs V through XVI, as if they are fully set forth herein.

### XVIII.

Pursuant to 29 USC Section 207, Defendant is required to pay Plaintiff and other hourly employees in the food and beverage department one and one half their regular rate for every hour worked in excess of 40 hours in a work week .

### XIX.

On occasions when Plaintiff's hours worked exceeded 40 in a work week and Defendant failed to pay Plaintiff for all hours worked, Defendant violated 29 USC Section 207.

COUNT THREE - BREACH OF CONTRACT

XX.

Plaintiff incorporates and re-alleges the allegations of Paragraphs V through XIX, as if they are fully set forth herein.

XXI.

Plaintiff and other hourly paid employees in the food and beverage department work for Defendant pursuant to employment agreements whereby Defendant promised to an hourly rate for all hours worked.

XXII.

Defendant violated its employment agreements with Plaintiff and other food and beverage department hourly employees by failing to pay them for all hours worked.

COLLECTIVE ACTION

XXIII.

Plaintiff is bringing this suit as a collective action under 29 USC Section 216(b).

XXIV.

Plaintiff is similarly situated to all other current and former hourly paid employees in Defendant's food and beverage department at the Treasure Chest Casino. All of the similarly situated employees are regularly scheduled to work on the same day shift, swing shift, or graveyard shift schedules described above. Furthermore, Defendant has routinely failed to pay

these employees for all hours worked under the circumstances described in Paragraphs V through XIV, above.

XXV.

Defendant's Fair Labor Standards Act violations were willful, requiring application of the three year limitations period. Defendant was aware of the applicability of the Fair Labor Standards Act minimum wage and overtime provisions. Defendant was aware of the fact that all of the time that Plaintiff and the similarly situated employees were required to be at work according to their shift schedules and managers instructions constituted "hours worked" under the Fair Labor Standards Act and its own policies. Nonetheless, Defendant failed to pay employees for all hours worked.

JURY DEMAND

XXVI.

Plaintiff demands a jury trial on all triable issues of fact.

PRAYER FOR RELIEF

XXVII.

WHEREFORE, premises considered, Plaintiff requests that the Court certify this case as a collective action pursuant to 29 USC Section 216 (b); that all persons who worked as hourly paid employees in the food and beverage department at the Treasure Chest Casino at any time in the last three years be provided with notice of this case and an opportunity to opt-in as Plaintiffs ; and that the Court award Plaintiff and all similarly situated employees who opt into the suit

back pay, liquidated damages, costs, attorney's fees, and any other relief to which they are entitled under law or equity.

                    Respectfully Submitted,

                    KANSAS & KANSAS, L. L. C.

                    ALAN F. KANSAS, BAR #27725
                    1743 STUMPF BLVD., SUITE 200
                    P.O. BOX 1330
                    GRETNA, LA 70054-1330
                    (504) 361-3133

F:\AFK\TRUMBACH V. BOYD GAMING CORP\PLAINTIFF'S ORIGINAL COMPLAINT 20040519.wpd