```
                  UNITED STATES DISTRICT COURT
                  EASTERN DISTRICT OF LOUISIANA
```

EMMA TRUMBACH                                CIVIL ACTION

VERSUS                                       NO: 04-1576

BOYD GAMING CORPORATION                      SECTION: "R"(4)

## ORDER AND REASONS

The parties jointly move for approval of their proposed settlement to this collective action. For the following reasons the Court APPROVES the parties' settlement agreement.

I.   BACKGROUND

On June 4, 2004, plaintiff Emma Trumbach sued defendant Boyd Gaming Corporation under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq*. Plaintiff alleged that defendant failed to pay her for all the hours she worked at the Treasure Chest Casino in Kenner, Louisiana. More specifically, plaintiff alleged that she and other employees were not paid for all the hours they worked because the managers of the casino manually changed the hours recorded by the casino's automated timekeeping system. Plaintiff

thus brought this action on behalf of herself and all "current and former hourly paid employees in Defendant's food and beverage department at the Treasure Chest Casino," and she asked the Court to certify the case as a collective action pursuant to 29 U.S.C. § 216(b).  Plaintiff asked that all those who eventually opted in to the collective action receive back pay, liquidated damages, costs, and attorney's fees.

Plaintiff and defendant have since engaged in discovery.  Defendant has produced over 2,500 pages of documents containing the time records for Trumbach and the 67 other employees who have consented to join the lawsuit.  On May 30, 2006, plaintiff and defendant filed a joint motion asking the Court to approve their proposed settlement.  They ask the Court to approve a notice of the settlement along with procedures for opting-into the collective action, making claims, and settling any disputed claims.  Defendant has joined in this motion without abandoning any of its defenses or admitting liability.  The parties ask for certification, for settlement purposes only, of a class defined as follows:

> All current and former hourly employees of Treasure Chest Casino, LLC who worked at the Treasure Chest Casino at any time between June 1, 2002 and May 31, 2004, and all person [sic] who have filed a Notice of Consent to Join this lawsuit.

Because rights established by the FLSA are "not subject to negotiation or bargaining between employers and employees,"

2

claims for unpaid wages can be settled or compromised only under the supervision of the Secretary of Labor or a district court. *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1352-53 (11th Cir. 1982).  A district court may enter an order approving the parties' settlement, but only after scrutinizing the settlement for fairness.  *Id*. at 1353 (*citing Schulte, Inc. v. Gangi*, 328 U.S. 108 (1946)*; Jarrard v. Se. Shipbuilding Corp.*, 163 F.2d 960, 961 (5th Cir. 1947)).  "Before the court may approve a settlement in a collective action brought under the FLSA, it must first determine whether the settlement involves the resolution of a bona fide dispute over an FLSA provision and then decide whether the settlement is fair and reasonable."  *Camp v. Progressive Corp.*, 2004 WL 2149079 at *4 (E.D. La. 2004).  Under the FLSA, if an employer fails to pay an employee the minimum wage for all hours worked and/or fails to pay for any overtime hours worked, the employee is entitled to the unpaid amounts and an additional equal amount as liquidated damages.  29 U.S.C. § 216(b).

**II.  ANALYSIS**

    **A.   Bona Fide Dispute Under FLSA**

Plaintiff alleges that Boyd failed to pay its employees the minimum wage for all the hours they actually worked and that Boyd failed to pay overtime to employees who worked more than forty

hours a week, both of which would violate FLSA. *See* 29 U.S.C. § 206 (requiring employers to pay minimum wage for all hours worked); 29 U.S.C. § 207 (requiring employers to compensate employees at a rate "not less than one and one-half times the regular rate" for any hours worked in excess of forty). Boyd denied liability and asserted affirmative defenses. The proposed settlement would resolve both of plaintiff's claims. The Court thus finds that the settlement resolves a bona fide dispute arising under FLSA.

**B. Fair and Reasonable**

*1. The terms of the settlement*

Should the Court approve the settlement, Boyd will send notice of the settlement to each eligible employee and inform the employee of his or her rights under the settlement. The parties have selected a claims administrator, who will simultaneously send each potential member of the settlement class a claim form. Potential class members may opt-in to the settlement class by returning a completed form. Boyd will then calculate the amount by which the claimant was underpaid, if any, based on the number of hours manually deducted from the time that the claimant actually worked, as indicated by punch-in and punch-out times, the claimant's applicable wage rate, and whether the time should have been compensated at an overtime rate. Boyd will then multiply the amount the claimant was underpaid by two, thereby

4

adding liquidated damages.  This amount will be the preliminary value of the claimant's claim.  The claims administrator will then verify or correct Boyd's calculation and assign a value to the claim.  When all of the claims have been valued, the claims administrator will provide the valuations to Boyd, plaintiff's counsel, and the individual claimants.  Claimants will receive a challenge form should they wish to challenge the value assigned to their claims.  Boyd must pay any unchallenged claims within 60 days of receipt from the claims administrator, with the exception of *de minimis* claims, which need not be paid at all.  The settlement defines a *de minimis* claim to be any claim with a value under $10.

The agreement provides procedures for the arbitration of any challenged claims, and the notice form contains the contact information for plaintiff's counsel should a claimant have a question about his or her rights under the settlement.  The settlement agreement further provides that Boyd will pay all attorney's fees and costs arising from this litigation and the claims resolution process, but those fees will not be determined until all of the claims have been fully resolved.  The settlement allows plaintiff's counsel to submit its fees to Boyd, and should the parties disagree over the fees, it provides for resolution of the dispute by this Court.  Attorney's fees thus do not affect plaintiffs' recovery in any way.

### 2.  *Analysis of the settlement terms*

At the outset, the Court notes that the settlement provides complete recovery, including liquidated damages, for the two-year period before this action was filed, for all eligible claimants who opt-in.  *See* 29 U.S.C. § 216(b) (any employer who violates the minimum wage and overtime provisions of FLSA shall be liable for the unpaid amounts and "an additional equal amount as liquidated damages").  As noted *supra*, the claimants will not lose any portion of their settlement to pay attorney's fees, as Boyd will fund these separately.

The Court looks to the cases interpreting Fed. R. Civ. P. 23(e) to determine whether a settlement under FLSA is fair and reasonable.  *Camp*, 2004 WL 2149079 at *4 (noting that settlement of class actions and settlement of collective actions under the FLSA both require court approval).  The Fifth Circuit has identified six factors that should be considered in assessing whether a settlement is fair and reasonable: (1) the existence of fraud or collusion in the negotiation of the settlement; (2) the complexity, expense, and likely duration of the litigation; (3) the stage of the proceedings and the amount of discovery completed; (4) the factual and legal obstacles to prevailing on the merits; (5) the range of possible recovery; and (6) the opinions of the class counsel, class representatives, and absent class members.  *Reed v. General Motors Corp.*, 703 F.2d 170, 172

(5th Cir. 1983); *Henderson v. Eaton*, 2002 WL 31415728 at *2 (E.D. La. 2002).

After considering of all six of the *Reed* factors, the Court finds the settlement to be fair and reasonable. First, there is no evidence of fraud or collusion between the parties, and no reason to suspect that the parties would have colluded to produce this settlement. Second, the litigation of these claims would certainly have been expensive relative to their likely value. Defendant asserted factual and legal defenses that are time-consuming to litigate. Assuming that an hourly employee earned $10.00 per hour, she would have to be owed pay for hundreds of hours of work in order to justify the expense of litigating her claim individually. While there would be considerable efficiency gains if plaintiffs litigated these claims collectively, comparing the expense of such litigation against the substantial recovery effected by the settlement weighs in favor of approval. Third, the parties have engaged in sufficient discovery in the two years since this matter was originally filed to be able to assess the merits and value of the claims.

Fourth, the settlement operates to foreclose claimants from recovering for an additional year of underpayment for reasons that appear logical to the Court. The FLSA provides for a statute of limitations of two years for non-willful violations and three years for willful violations. *See* 29 U.S.C. § 255(a).

The settlement provides for complete recovery, plus liquidated damages, for all claims in the two-year period before the filing of Trumbach's complaint.  For a plaintiff to extend the statute of limitations, she must prove willfulness, which requires showing that "the employer either knew or showed reckless disregard for the matter of whether its conduct was prohibited by [FLSA.]"  *See McLaughlin v. Richland Shoe Co.*, 486 U.S. 128, 133 (1988).  Showing that an employer willfully violated FLSA is necessarily more burdensome for a plaintiff and carries a lower probability of success.  The Court finds it reasonable for plaintiff to trade the ability to bring these more burdensome, difficult, and time-consuming claims for the certain recovery provided in the settlement.  The Court finds that the settlement provides claimants with a recovery at the high end of the range available to them from this litigation.  Finally, the Court notes that counsel for both parties have concurred that the settlement is fair, and no party has filed any objection with the Court.

The Court also approves the proposed notice, opt-in, and claims resolution procedures submitted by the parties.  The Court specifically finds that the notice provides ample information to a potential claimant about the nature of the dispute between the parties and the basis for any recovery.  The opt-in form is clearly written and requires very little information from a claimant.  The claims resolution process provides sufficient

procedural safeguards for claimants to recover the full value of their claims.

### III. CONCLUSION

For the foregoing reasons, the Court concludes that the proposed settlement of this collective action is fair and reasonable.  The Court thus CERTIFIES the proposed settlement class, and APPROVES the notice, opt-in and claims procedures associated with the settlement.

New Orleans, Louisiana, this __31st__ day of July, 2006.

*Sarah Vance*
_____
SARAH S. VANCE
UNITED STATES DISTRICT COURT